**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| ROUND ROCK RESEARCH, LLC, | |
| Plaintiff, | Case No. 11-1244-RGA |
| v. | |
| PEPSICO, INC., | **JURY TRIAL DEMANDED** |
| Defendant. | |

**DEFENDANT'S ANSWER, DEFENSES, AND COUNTERCLAIMS TO
PLAINTIFF'S COMPLAINT FOR PATENT INFRINGEMENT**

Defendant PepsiCo, Inc. ("PepsiCo") files this answer and counterclaims to Plaintiff

Round Rock Research, LLC's ("Plaintiff") Complaint filed on December 14, 2011 (the

"Complaint").  Any allegations or averments not specifically admitted herein are denied.

**The Parties**

1.      PepsiCo lacks knowledge or information sufficient to form a belief as to the truth

of the allegations of paragraph 1 and therefore denies them.

2.      PepsiCo admits that it is a North Carolina corporation with its principal place of

business at 700 Anderson Hill Road, Purchase, New York 10577.

**Nature Of The Action**

3.      Paragraph 3 is a statement of law and therefore no answer is required.

**Jurisdiction And Venue**

4.      PepsiCo admits that this Court has jurisdiction over this action under Title 28,

United States Code, §§ 1331 and 1338(a).

5.      PepsiCo admits, for purposes of this action only, that personal jurisdiction is

proper.  For purposes of this action only, PepsiCo does not contest that venue is proper in this

judicial district, but denies that the venue is convenient.   PepsiCo denies the remaining allegations of paragraph 5.

## The Patents-In-Suit

6.       PepsiCo admits that United States Patent No. 5,500,650 (the "'650 patent"), is entitled "Data Communication Method Using Identification Protocol" and that it issued on March 19, 1996.  PepsiCo admits that what appears to be a copy of the '650 patent is attached to the Complaint as Exhibit A.  PepsiCo lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 6 and therefore denies the same.

7.       PepsiCo admits that United States Patent No. 5,627,544 (the "'544 patent"), is entitled "Data Communication Method Using Identification Protocol" and that it issued on May 6, 1997.  PepsiCo admits that what appears to be a copy of the '544 patent is attached to the Complaint as Exhibit B.  PepsiCo lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 7 and therefore denies the same.

8.       PepsiCo admits that United States Patent No. 5,974,078 (the "'078 patent"), is entitled "Modulated Spread Spectrum in RF Identification Systems Method" and that it issued on October 26, 1999.  PepsiCo admits that what appears to be a copy of the '078 patent is attached to the Complaint as Exhibit C.  PepsiCo lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 8 and therefore denies the same.

9.       PepsiCo admits that United States Patent No. 6,459,726 (the "'726 patent"), is entitled "Backscatter Interrogators, Communication Systems and Backscatter Communication Methods" and that it issued on October 1, 2002. PepsiCo admits that what appears to be a copy of the '726 patent is attached to the Complaint as Exhibit D.  PepsiCo lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 9 and therefore denies the same.

10.     PepsiCo admits that United States Patent No. RE41, 531 (the "'531 patent"), is entitled "Communications Systems for Radio Frequency Identification (RFID)" and that it issued on August 17, 2010.   PepsiCo admits that what appears to be a copy of the '531 patent is attached to the Complaint as Exhibit E.   PepsiCo lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 10 and therefore denies the same.

11.     Paragraph 11 is merely a statement that does not contain any allegations; therefore no answer is required.

12.     PepsiCo lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 12 and therefore denies them.

## COUNT I

### Infringement Of The '650 Patent

13.     PepsiCo restates and incorporates herein by reference the responses contained in the foregoing paragraphs, as if fully set forth herein.

14.     PepsiCo lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 14 and therefore denies them.

15.     To the extent the allegations of paragraph 15 are directed to third parties, PepsiCo lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 15 and therefore denies them.  PepsiCo denies the remaining allegations of paragraph 15.

16.     PepsiCo admits that it had knowledge of the existence of the '650 patent since November 17, 2011, through a letter sent by Defendant.   PepsiCo denies the remaining allegations of paragraph 16.

17.     Denied.

18.     Denied.

19.     Denied.

20.     Denied.

## COUNT II

### Infringement Of The '544 Patent

21.     PepsiCo restates and incorporates herein by reference the responses contained in the foregoing paragraphs, as if fully set forth herein.

22.     PepsiCo lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 22 and therefore denies them.

23.     To the extent the allegations of paragraph 23 are directed to third parties, PepsiCo lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 23 and therefore denies them.  PepsiCo denies the remaining allegations of paragraph 23.

24.     PepsiCo admits that it had knowledge of the existence of the '544 patent since November 17, 2011, through a letter sent by Defendant.  PepsiCo denies the remaining allegations of paragraph 24.

25.     Denied.

26.     Denied.

27.     Denied.

28.     Denied.

## COUNT III

### Infringement Of The '078 Patent

29.     PepsiCo restates and incorporates herein by reference the responses contained in the foregoing paragraphs, as if fully set forth herein.

30.     PepsiCo lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 30 and therefore denies them.

31.     To the extent the allegations of paragraph 31 are directed to third parties, PepsiCo lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 31 and therefore denies them.  PepsiCo denies the remaining allegations of paragraph 31.

32.     Upon information and belief, PepsiCo admits that it had knowledge of the existence of the '078 patent since December 22, 2010, through a letter sent by Defendant. PepsiCo denies the remaining allegations of paragraph 32.

33.     Denied.

34.     Denied.

35.     Denied.

36.     Denied.

## COUNT IV

### Infringement Of The '726 Patent

37.     PepsiCo restates and incorporates herein by reference the responses contained in the foregoing paragraphs, as if fully set forth herein.

38.     PepsiCo lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 38 and therefore denies them.

39.     To the extent the allegations of paragraph 39 are directed to third parties, PepsiCo lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 39 and therefore denies them.  PepsiCo denies the remaining allegations of paragraph 39.

40.     PepsiCo admits that it had knowledge of the existence of the '726 patent since November 17, 2011, through a letter sent by Defendant.   PepsiCo denies the remaining allegations of paragraph 40.

41.     Denied.

42.     Denied.

43.     Denied.

44.     Denied.

## COUNT V

### Infringement Of The '531 Patent

45.     PepsiCo restates and incorporates herein by reference the responses contained in the foregoing paragraphs, as if fully set forth herein.

46.     PepsiCo lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 46 and therefore denies them.

47.     To the extent the allegations of paragraph 47 are directed to third parties, PepsiCo lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 47 and therefore denies them.  PepsiCo denies the remaining allegations of paragraph 47.

48.     PepsiCo admits that it had knowledge of the existence of the '531 patent since November 17, 2011, through a letter sent by Defendant.   PepsiCo denies the remaining allegations of paragraph 48.

49.     Denied.

50.     Denied.

51.     Denied.

52.     Denied.

## PRAYER FOR RELIEF

These paragraphs set forth the statement of relief requested by Plaintiff to which no response is required.  PepsiCo denies that Plaintiff is entitled to any of the requested relief and denies any allegations.

## DEMAND FOR JURY TRIAL

This paragraph sets forth Plaintiff's request for a jury trial to which no response is required.

## <u>DEFENSES</u>

Subject to the responses above and without assuming any burden other than that imposed by operation of law, PepsiCo alleges and asserts the following defenses in response to the allegations, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein.  In addition to the defenses described below, subject to the responses above, PepsiCo specifically reserves all rights to allege additional defenses that become known through the course of discovery.

## FIRST DEFENSE—NON-INFRINGEMENT

53.     PepsiCo does not infringe and has not infringed (not directly, contributorily, or by inducement) any valid and enforceable claim of the '650 patent, '544 patent, '078 patent, '726 patent and/or the '531 patent.

## SECOND DEFENSE—INVALIDITY

54.     The claims of the '650 patent, '544 patent, '078 patent, '726 patent and/or the '531 patent are invalid for failure to satisfy one or more of the requirements of Section 100, *et seq.*, including Sections 101, 102, 103, and 112 of Title 35 of the United States Code.

### THIRD DEFENSE—EQUITABLE DEFENSES

55.      The claims of the '650 patent, '544 patent, '078 patent, '726 patent and/or the '531 patent are unenforceable as asserted, in whole or in part, by doctrines of waiver, laches, estoppel, acquiescence and/or unclean hands.

### FOURTH DEFENSE—STATUTE OF LIMITATIONS

56.      Plaintiff's requested relief is barred or otherwise limited pursuant to 35 U.S.C. § 286.

### FIFTH DEFENSE—FAILURE TO STATE A CLAIM

57.      Plaintiff's allegations of indirect infringement do not plausibly demonstrate any PepsiCo knowledge of the '650 patent, '544 patent, '078 patent, '726 patent and/or the '531 patent before the lawsuit was filed sufficient to state a claim for indirect infringement.

### SIXTH DEFENSE—EXHAUSTION

58.      Plaintiff's prayer for relief of the Complaint is barred or otherwise limited based on patent exhaustion, the "first sale" doctrine, and restrictions on double recovery.

### SEVENTH DEFENSE— LIMITATION ON COSTS

59.      Plaintiff has not alleged any basis for and cannot prove that this is an exceptional case that would justify any award of attorney fees against PepsiCo pursuant to 35 U.S.C. § 285.

### EIGHTH DEFENSE— PATENT MISUSE

60.      The '650 patent, '544 patent, '078 patent, '726 patent and/or the '531 patent are unenforceable for patent misuse, based on, but not limited to, Plaintiff's continuing unlawful attempts to enforce the '650 patent, '544 patent, '078 patent, '726 patent and/or the '531 patent, which Plaintiff knows or should know are invalid, unenforceable, and/or not infringed.

## NINTH DEFENSE— NO WILLFULNESS

61.     Plaintiff is not entitled to enhanced or increased damages for willful infringement, because PepsiCo has not engaged in any conduct that meets the applicable standard for willful infringement.

## RESERVATION OF ADDITIONAL DEFENSES

62.     PepsiCo reserves the right to assert additional defenses that may be developed through discovery in this action.

## COUNTERCLAIMS

In further response to Plaintiff's Complaint, PepsiCo, Inc. ("PepsiCo") asserts the following counterclaims against Plaintiff Round Rock Research, LLC ("Plaintiff") for declaratory judgment of non-infringement, invalidity and unenforceability of U.S. Patent Nos. 5,500,650 (the "'650 patent"), 5,627,544 (the "'544 patent"), 5,974,078 (the "'078 patent"), 6,459,726 (the "'726 patent") and RE41,531 (the "'531 patent").

## THE PARTIES

1.     According to the assertions in the Complaint, Round Rock Research, LLC ("Plaintiff") is a Delaware limited liability company with its principal place of business at 26 Deer Creek Lane, Mount Kisco, NY 10549.

2.     PepsiCo, Inc. ("PepsiCo") is a North Carolina corporation with its principal place of business at 700 Anderson Hill Road, Purchase, New York 10577.

## JURISDICTION AND VENUE

3.     Subject to PepsiCo's defenses and denials, PepsiCo alleges that this Court has jurisdiction over the subject matter of these Counterclaims under, without limitation, 28 U.S.C. §§ 1331, 1367, 1338(a), 2201, and 2202, and venue for these Counterclaims is proper in this judicial district.

4.      This Court has personal jurisdiction over Plaintiff by virtue of it having brought an affirmative suit in this judicial district.

## FACTUAL BACKGROUND

5.      In the Complaint, Plaintiff asserts that it is the exclusive owner of all rights, title and interest in each of the '650 patent, '544 patent, '078 patent, '726 patent and the '531 patent, and has the right to recover damages for any current or past infringement of the '650 patent, '544 patent, '078 patent, '726 patent and the '531 patent.

6.      In the Complaint, Plaintiff asserts that PepsiCo has infringed the '650 patent, '544 patent, '078 patent, '726 patent and the '531 patent.

7.      The '650 patent, '544 patent, '078 patent, '726 patent and/or the '531 patent are invalid, unenforceable and/or have not been and are not infringed by PepsiCo, directly or indirectly.

8.      Consequently, there is an actual case or controversy between the parties over the non-infringement, invalidity, and/or unenforceability of the '650 patent, '544 patent, '078 patent, '726 patent and the '531 patent.

## COUNT ONE
## DECLARATORY JUDGMENT OF NON-INFRINGEMENT

9.      PepsiCo restates and incorporates by reference the allegations in paragraphs 1 through 8 of the Counterclaims.

10.     An actual case or controversy exists between Plaintiff and PepsiCo as to whether the '650 patent, '544 patent, '078 patent, '726 patent and/or the '531 patent are not infringed by PepsiCo.

11.     A judicial declaration is necessary and appropriate so that PepsiCo may ascertain its rights regarding the '650 patent, '544 patent, '078 patent, '726 patent and/or the '531 patent.

12.     PepsiCo has not infringed and does not infringe, directly or indirectly, any valid and enforceable claim of the '650 patent, '544 patent, '078 patent, '726 patent and/or the '531 patent.

13.     PepsiCo does not contribute to the infringement of or induce others to infringe any valid and enforceable claim of the '650 patent, '544 patent, '078 patent, '726 patent and/or the '531 patent.

14.     PepsiCo therefore seeks a judicial declaration that it has not infringed and does not infringe, directly or indirectly, any valid and enforceable claim of the '650 patent, '544 patent, '078 patent, '726 patent and/or the '531 patent.

15.     This is an exceptional case under 35 U.S.C. § 285 including without limitation because Plaintiff filed its Complaint with knowledge of the facts stated in this Counterclaim.

## COUNT TWO
## DECLARATORY JUDGMENT OF INVALIDITY

16.     PepsiCo restates and incorporates by reference the allegations in paragraphs 1 through 15 of the Counterclaims.

17.     An actual case or controversy exists between PepsiCo and Plaintiff as to whether the '650 patent, '544 patent, '078 patent, '726 patent and/or the '531 patent are invalid.

18.     A judicial declaration is necessary and appropriate so that PepsiCo may ascertain its rights as to whether the '650 patent, '544 patent, '078 patent, '726 patent and/or the '531 patent are invalid.

19.     The '650 patent, '544 patent, '078 patent, '726 patent and/or the '531 patent are invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more of 35 U.S.C. §§ 100 *et seq.*, 101, 102, 103, and/or 112.

20.     PepsiCo therefore seeks a judicial declaration that the '650 patent, '544 patent, '078 patent, '726 patent and/or the '531 patent are invalid.

21.     This is an exceptional case under 35 U.S.C. § 285 including without limitation because Plaintiff filed its Complaint with knowledge of the facts stated in this Counterclaim.

## COUNT THREE
## DECLARATORY JUDGMENT OF UNENFORCEABILITY

22.     PepsiCo restates and incorporates by reference the allegations in paragraphs 1 through 21 of the Counterclaims.

23.     An actual case or controversy exists between Plaintiff and PepsiCo as to whether the '650 patent, '544 patent, '078 patent, '726 patent and/or the '531 patent are unenforceable.

24.     A judicial declaration is necessary and appropriate so that PepsiCo may ascertain its rights as to whether the '650 patent, '544 patent, '078 patent, '726 patent and/or the '531 patent are unenforceable.

25.     The '650 patent, '544 patent, '078 patent, '726 patent and/or the '531 patent are unenforceable under the doctrines of waiver, laches, estoppel, acquiescence, unclean hands and/or patent exhaustion.

26.     PepsiCo therefore seeks a judicial declaration that the '650 patent, '544 patent, '078 patent, '726 patent and/or the '531 patent are unenforceable.

27.     This is an exceptional case under 35 U.S.C. § 285 including without limitation because Plaintiff filed its Complaint with knowledge of the facts stated in this Counterclaim.

### PRAYER FOR RELIEF

WHEREFORE, PepsiCo prays for judgment as follows:

(a)     A judgment in favor of PepsiCo on all of its Counterclaims;

(b)     A declaration that PepsiCo has not infringed, contributed to the infringement of, or induced others to infringe, either directly or indirectly, any valid and

enforceable claims of the '650 patent, '544 patent, '078 patent, '726 patent and/or the '531 patent;

(c)       A declaration that the '650 patent, '544 patent, '078 patent, '726 patent and/or the '531 patent are invalid;

(d)       A judgment limiting or barring Plaintiff's ability to enforce the '650 patent, '544 patent, '078 patent, '726 patent and/or the '531 patent in equity;

(e)       A declaration enjoining Plaintiff, its agents, servants, employees, and/or attorneys from initiating or continuing infringement litigation, from otherwise participating or assisting in infringement litigation, and from threatening PepsiCo or any of its customers, dealers, agents, servants, or employees with infringement litigation, or charging any of them either verbally or in writing with infringement of the '650 patent, '544 patent, '078 patent, '726 patent and/or the '531 patent;

(f)       A declaration that this case is exceptional under 35 U.S.C. § 295 and an award to PepsiCo of its reasonable costs and expenses of litigation, including attorneys' fees and expert witness fees; and

(g)       Such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

In accordance with Rule 38 of the Federal Rules of Civil Procedure and Local Rule 38.1, PepsiCo respectfully demands a jury trial of all issues triable to a jury in this action.

Dated:  February 13, 2012

Respectfully submitted,

*/s/  Kenneth L. Dorsney*
Kenneth L. Dorsney (I.D. #3726)
MORRIS JAMES LLP
500 Delaware Avenue, Suite 1500
Wilmington, Delaware 19801-1494
(302) 888-6855
kdorsney@morrisjames.com

Eric J. Klein
Texas State Bar No. 24041258
eklein@akingump.com
Todd E. Landis
Texas State Bar No. 24030226
tlandis@akingump.com
Kellie M. Johnson
Texas State Bar No. 24070003

13

kmjohnson@akingump.com
AKIN GUMP STRAUSS HAUER & FELD LLP
1700 Pacific Avenue, Suite 4100
Dallas, Texas  75201
Telephone: (214) 969-2800
Facsimile: (214) 969-4343

John Wittenzellner
Pennsylvania State Bar No. 308996
jwittenzellner@akingump.com
AKIN GUMP STRAUSS HAUER & FELD LLP
Two Commerce Square, Suite 4100
2001 Market Street
Philadelphia, PA  19103
Telephone: (215) 965-1241
Facsimile: (215) 965-1210

*Attorneys for PepsiCo, Inc.*